IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-                                                      CRIMINAL No. 00-557 LH

EDWARD JAMES OLIVER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's *pro se* Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 750) (Docket No. 485), filed December 19, 2011. Having reviewed the Motion, the memoranda submitted by counsel for both the government and Mr. Oliver, and the relevant law, having heard argument at a hearing held on February 19, 2013, and otherwise being fully advised, the Court finds that it does not have jurisdiction to consider Defendant's Motion and it will be **dismissed**.

On June 26, 2001, Defendant Oliver pleaded guilty to a two-count Second Superseding Indictment charging conspiracy to possess with intent to distribute more than 50 grams of cocaine base and possession with intent to distribute more than 50 grams of cocaine base. Pursuant to a FED. R. CRIM. P. 11(e)(1)(C) agreement (now Rule 11(c)(1)(C)), on October 22, 2001, the Court sentenced Defendant to 228 months imprisonment on each count, to run concurrently. On September 23, 2008, the Court dismissed Defendant's request for resentencing under the first round

of retroactive amendments to the cocaine base, or crack cocaine, sentencing guidelines. The Court determined that because Mr. Oliver's sentence was based upon a Rule 11(e)(1)(C) agreement, not the amended Sentencing Guideline provision for crack cocaine, § 2D1.1, his sentence was not based on a sentencing range that was lowered by the Sentencing Commission and, therefore, the Court lacked jurisdiction to consider his Motion. *See* 18 U.S.C. § 3582(c)(2) (providing that a court may modify a term of imprisonment "in the case of a defendant who has been *sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission* . . .") (emphasis added); *United States v. Trujeque*, 100 F.3d 869, 869, 871 (10th Cir. 1996) ("[B]ecause [defendant] entered a plea agreement specifying a term of imprisonment pursuant to FED. R. CRIM. P. 11(e)(1)(C), he may not seek a reduction in his sentence via 18 U.S.C. § 3582(c)(2). . . . Thus the district court should have dismissed [defendant's] motion without considering its merits.").

Mr. Oliver again has moved for a reduction in sentence, this time under the November 1, 2011, amendment of the crack cocaine guidelines by the Sentencing Commission, retroactively implementing the Fair Sentencing Act of 2010. While it would appear that Defendant's Motion should be denied on the same grounds as his first - having been sentenced pursuant to an 11(e)(1)(C) plea agreement, his sentencing guideline range has not been lowered by Sentencing Commission - there are several new considerations now present in this case.

It was the understanding of the parties and the Court at Mr. Oliver's original sentencing, which belief continued through the filing of Defendant's current Motion, that Defendant was a career offender. The government, however, in the course of responding to this Motion, discovered that Defendant in fact was erroneously determined to be a career offender: "Defendant Oliver is not

a career offender under the current version of the Guidelines, and was not a career offender under the Guidelines he was sentenced under . . . , the 2000 Guidelines."[1] United States' Supplemental Resp. ("Supp. Resp. I") (Docket No. 505), filed February 22, 2012, at 1. Upon review, the Court agrees. Additionally, in the interim the Supreme Court has decided a case addressing the applicability of the retroactive crack sentencing guidelines to defendants who were sentenced pursuant to a Rule 11(c)(1)(C) agreement.

As a general matter, federal courts do not have authority to "modify a term of imprisonment once it has been imposed." *Freeman v. United States*, ___ U.S. ___, 131 S. Ct. 2685, 2690 (2011) (plurality opinion) (quoting 18 U.S.C. § 3582(c)); *see also United States v. Smartt*, 129 F.3d 539, 540 (10th Cir.1997) ( "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." (internal quotations omitted)). Section 3582 further provides, however, that a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* . . . ." 18 U.S.C. § 3582(c)(2) (emphasis added).

In *Freeman*, the United States Supreme Court addressed the interplay of § 3582(c)(2) and plea agreements under Rule 11(c)(1)(C). 131 S. Ct. at 2690. Justice Sotomayor, in a concurring opinion that represents the Court's holding, *United States v. Graham*, ___ F.3d ___, 2013 WL

---

[1] Defendant's criminal history included two felony convictions for possession of cocaine and one felony conviction for trafficking cocaine. Presentence Report ¶¶ 59-61. The mere possession convictions were counted as qualifying controlled substance offenses for purposes of career offender status, when they in fact were not. Supp. Resp. I at 2 (citing USSG §§ 4B1.1, 4B1.2(b); *Salinas v. United States*, 547 U.S. 188, 188 (2006) (per curiam); *United States v. Galloway*, 937 F.2d 542, 549 (10th Cir. 1991)).

150253, *2 (10th Cir. Jan. 15, 2013), concluded that a defendant would be eligible for a sentencing reduction under § 3582(c)(2) "when a [Rule 11(c)(1)](C) agreement *expressly* uses a Guidelines sentencing range to establish the term of imprisonment, *and that range* is subsequently lowered by the Commission," *Freeman*, 131 S. Ct. at 2698 (Sotomayor, J., concurring in judgment) (emphasis added).

Defendant Oliver concedes that the *Freeman* holding does not apply to him and the Court agrees. Am. Reply (Docket No. 507), filed Mar. 3, 2012, at 5 ("This situation does not apply to Mr. Oliver's case because the plea agreement does not expressly use a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment."). He does rely on both the plurality and concurring opinions in *Freeman*, though, for the proposition that a miscarriage of justice or mutual mistake would allow a defendant to benefit from the new crack guidelines:

> The Court of Appeals for the Sixth Circuit held that, *barring a miscarriage of justice or mutual mistake*, defendants who enter into 11(c)(1)(C) agreements cannot benefit from retroactive Guideline amendments.
> . . . .
> . . . Adhering to its decision in *United States v. Peveler*, 359 F.3d 369 (2004), the Court of Appeals held that defendants sentenced following 11(c)(1)(C) agreements that specify a particular sentence are ineligible for § 3582(c)(2) relief, *barring a miscarriage of justice or mutual mistake*.

131 S. Ct. at 2690, 2692 (plurality opinion) (emphasis added) (referring to Sixth Circuit's opinion below in *United States v. Goins*, 355 F. App'x 1 (2009)).

> As noted by the plurality . . ., even the Sixth Circuit allows for sentence reduction "*to avoid a miscarriage of justice or to correct a mutual mistake*," *United States v. Peveler*, 359 F.3d 369, 378, n. 4 (2004) (internal quotation marks omitted).

*Id.* at 2698 n.3 (Sotomayor, J., concurring in the judgment) (emphasis added).

This Court, however, concludes that not only are the comments in *Freeman dicta* and therefore not precedential, but the statements cited in the Sixth Circuit opinions also are merely

*dicta*. In *Goins*, the court stated that "[a]though *Peveler's* holding does not preclude reducing the sentence of a defendant who pled under Rule 11(c)(1)(C) where resentencing is necessary to avoid a miscarriage of justice, . . . *neither* [*defendant here*] *falls within that exception*."  355 F. App'x at 3 (emphasis added) (citing *Peveler*, 359 F.3d at 379 n.4). In note 4, the *Peveler* court commented that while the plain language of Rule 11(e)(1)(c) generally precludes the district court from altering the parties' agreed sentence under 18 U.S.C. § 3582(c), absent an agreement of the parties,

> [t]his conclusion should not be construed as a blanket bar to all such motions for relief.  Fed. R. Crim. P. 35(b) has been deemed a potential basis for relief in an "exceptional case," *United States v. Mukai*, 26 F.3d 953, 955 (9th Cir. 1994).  The First Circuit in *dicta* noted a "rare case" exception to allow modification "to avoid a miscarriage of justice or to correct a mutual mistake." [*United States v.*] *Teeter*, 257 F.3d [14,] 28 n.12 [(1st Cir. 2001)]. *We do not consider either of these potential exceptions here*.

359 F.3d at 379 & n.4 (emphasis added).  Thus, *Freeman*, *Goins*, and *Peveler*, and *Teeter*, upon which Defendant also relies, offer only *dicta* in this regard.  The same is true of *Mukai*:

> In *Semler*, we *suggested* that in an "exceptional case" the district court, after initially sentencing a defendant, may reduce the sentence in response to a Rule 35(b) motion. [*United States v.*] *Semler*, 883 F.2d [832,] 835 [9th Cir. 1989]. Thus, absent a Rule 35(b) motion, the law in this circuit has not previously recognized "exceptional circumstances" as a basis for disregarding the sentence contained in a plea agreement under Rule 11(e)(1)(C).
> Moreover, *there exists no reason to implement such an exception*.

26 F.3d at 955 (emphasis added) (footnote omitted).  Rule 35(b) is likewise inapposite, as it addresses a reduction in sentence based upon substantial assistance provided to the government by a defendant.  Nothing of this sort has been suggested by either Defendant or the government in this case.

The Court informed the parties of its concern that it did not have jurisdiction under § 3582 and invited counsel to consider other means, if appropriate, by which the error regarding

5

Defendant's career offender status might be addressed. Order Setting Status Conference (Docket No. 516), filed Jan., 30, 2013. The government responded that even though Defendant's two prior felony convictions for simple possession of narcotics did not qualify for purposes of establishing career offender status, they did qualify as predicate offenses for sentencing enhancements under 21 U.S.C. § 841(b)(1)(A),[2] exposing Mr. Oliver to a mandatory life sentence.[3] United States' Supplemental Resp. ("Supp. Resp. II") (Docket No. 517), filed Feb. 14, 2013, at 3 (citing *United States v. Curry*, 404 F.3d 316, 318 (5th Cir. 2005; *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998); *United States v. Hansley*, 54 F.3d 709, 718 (11th Cir. 1995)). Contending that Defendant in fact received a significant benefit from his Plea Agreement, the United States declined to waive the limitations period in this case and maintains that relief pursuant to 28 U.S.C. § 2255 is time barred. *Id.* at 4.

---

[2] 21 U.S.C. § 841(b)(1)(A) provides in pertinent part: "If any person commits a violation of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release." "The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law . . . of a State . . . that prohibits or restricts conduct relating to narcotic drugs . . . ." 21 U.S.C.A. § 802(44). Mr. Oliver had two Texas convictions for possession of cocaine, for each of which he was sentenced to two years in custody, and a New Mexico conviction for trafficking in cocaine, for which he was sentenced to six years imprisonment. Presentence Report ¶¶ 59-61.

[3] Prior to Defendant's trial, the United States entered a Notice pursuant to 21 U.S.C. § 851. (Docket No. 175), filed Nov. 1, 2000. In its initial response brief here, the government stated that the information "increased the maximum-minimum penalties that Defendant Oliver faced upon conviction to 20 years incarceration, based on his prior conviction of *a serious felony drug offense.*" United States' Resp. (Docket No. 501), filed Jan. 31, 2012, at 2 (emphasis added); *see* 21 U.S.C. § 841(b)(1)(A) ("If any person commits such a violation after a prior conviction for *a felony drug offense* has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . .") (emphasis added).
 The Court notes the government's seemingly contradictory statements as to the mandatory minimum sentences Defendant might have faced if he had been convicted at trial, but does not find them material in ruling on the Motion before it; either scenario would have resulted in a mandatory minimum sentence longer than the sentence the parties negotiated in the Plea Agreement. Additionally, the government subsequently provided a portion of the transcript of the sentencing hearing at which Defendant's counsel stated that Defendant "was looking at life imprisonment without possibility of parole. That was the reason we took it to trial. . . . The jury . . . hung, and then we were able to structure the most recent 11(e)(1)(C) agreement." *See* Supp. Resp. II at 2 and attachment.

Defendant did not file a supplemental brief. At the hearing on February 19, 2013, his counsel maintained that the Rule 11(e)(1)(C) agreement was driven by Defendant's career offender status and stood on the argument presented in Defendant's Amended Reply brief.

In the face of the Rule 11(e)(1)(C) agreement and Defendant's status as a career offender, whether appropriate or not, the Court must find that it lacks jurisdiction under § 3582(c)(2) because Mr. Oliver was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Furthermore, *Freeman* does not provide an alternative basis of jurisdiction in this matter.

WHEREFORE,

**IT IS HEREBY ORDERED** that Defendant's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 750) (Docket No. 485), filed December 19, 2011, is **DISMISSED FOR LACK OF JURISDICTION**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**