IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               No. CR 00-0557 LH
                                                  CV 15-0624 LH/SCY

EDWARD JAMES OLIVER,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Defendant's Motion to Correct Sentence Commencement Date Consistent with Rule 36 (CR Doc. 552; CV Doc. 1) filed on July 16, 2015. The Clerk entered the motion on the docket as a motion under 28 U.S.C. § 2255 and opened a civil case to accommodate a possible § 2255 filing. Attached to the motion are copies of Bureau of Prisons sentence-monitoring records for Defendant and a sentencing transcript. Defendant alleges that the Court "clearly indicated that the sentence was to run concurrent with Defendant's state sentence." This assertion is corroborated by the amended judgment (CR Doc. 411), which expressly directs that Defendant's sentence is to run concurrently with a Texas state sentence. Since he was placed in federal custody, however, the Bureau of Prisons ("BOP") has refused to credit his sentence for certain time spent in pretrial custody. He asks the Court to "reissue the Order to the United States Probation Office to clarify the [pre-sentence report's] Federal custody date of April 27, 2000 so the Petitioner may receive credit for [pretrial detention] time."

    The terms of rule 36 of the Federal Rules of Criminal Procedure allow "correction in the formal record of a gap or error 'arising from oversight or omission.' " *Pattiz v. Schwartz*, 386 F.2d

300, 303 (8th Cir. 1968) (analyzing claim under Fed. R. Civ. P. 60(a)), *cited in United States v. Morales*, 108 F.3d 1213, 1224 (10th Cir. 1997); *and see Azure v. Gallegos*, 97 F. App'x 240, 244 (10th Cir. 2004) (rejecting claim for alleged error regarding consecutive sentence as unavailable under rule 36); *United States v. Werber*, 51 F.3d 342, 347, 348 and n. 16 (2d Cir. 1995) (allowing court to correct transcription errors under rule 36, but not "error[s] of law"), *cited in United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996).

The allegedly incorrect "Federal custody date" in Defendant's PSR does not constitute "a 'clerical mistake' . . . appear[ing] on the face of the record, leaving little need for adversary proceedings to clarify the issue." *Werber*, 51 F.3d at 347. "Rule 36 motions apply to clerical errors only and are not the proper vehicle to challenge the substance of the information in a presentencing report. The alleged errors are not 'clerical' errors within the meaning of Rule 36." *United States v. Simon*, 36 F. App'x 415, 416 (10th Cir. 2002). The PSR is not found on the face of the record, and the allegedly incorrect date does not conflict with findings or rulings in the criminal proceeding. The Court will deny Defendant's request to correct a clerical error. The district court in the district where Defendant is confined has jurisdiction under 28 U.S.C. § 2241 to review the computation of his sentence, after exhaustion of the BOP's administrative remedies. *See United States v. Wilson*, 503 U.S. 329, 335-36 (1992); *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994); *Bennett v. United States Parole Comm'n*, 83 F.3d 324, 328 (10th Cir. 1996). Because the Court may not grant the relief that Defendant has requested under rule 36, the motion will be denied.

IT IS THEREFORE ORDERED that Defendant's Motion to Correct Sentence Commencement Date Consistent with Rule 36 (CR Doc. 552; CV Doc. 1) filed on July 16, 2015, is DENIED; the captioned civil proceeding is DISMISSED; and the Clerk is directed to correct

Defendant's address on the docket as indicated in the motion, and to mail copies of this Order and CR Docs. 550 and 552 to Defendant at the corrected address.

                                                                                 *[signature]*
                                        SENIOR UNITED STATES DISTRICT JUDGE